UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DONNA MASHA,

          Plaintiff,

 v.                  Civil Action No. 3:10–CV–248

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Donna Masha's objections (ECF No. 12) to the Magistrate Judge's Report and Recommendation (R&R) affirming the Social Security Administration's denial of her application for Social Security Disability and Supplemental Security Income payments (ECF No. 11). The Commissioner of the Social Security Administration, Michael J. Astrue, denied Masha's application for benefits based on a finding by an Administrative Law Judge (ALJ) who determined that Masha was not disabled as defined by the Social Security Act and applicable regulations. For the reasons stated below, the Court will OVERRULE Masha's objections and ADOPT the Magistrate Judge's R&R DENYING Masha's summary judgment motion (ECF No. 7), GRANTING the Commissioner of Social Security's summary judgment motion (ECF No. 9), and AFFIRMING the Commissioner's decision denying benefits to Masha.

## **I. BACKGROUND**

1

An ALJ conducts a five-step analysis for the Commissioner to determine whether a claimant is eligible for Social Security disability benefits. 20 C.F.R. §§ 416.920, 404.1520. The ALJ considers whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; *see Rogers v. Barnhart*, 216 Fed. App'x 345, 347-48 (4th Cir. 2007). If, at any step of that analysis, the ALJ is able to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. *Bowen v. Yuckett*, 482 U.S. 137, 146 n.5 (1987).

In this case, before beginning the five-step analysis, the ALJ initially determined that the Plaintiff met the insured requirements of the Social Security Act through December 31, 2010. (R. at 11). At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. (R. at 13). At step two, the ALJ found that Masha had the severe impairments of residuals of right ankle surgery, diabetes mellitus, epicondylitis of the right elbow, degenerative joint disease of the right knee, thoracic spondylosis, obesity, depression, and panic disorder. *Id.* At step three, he determined that these impairments did not meet or equal any listing in 20 C.F.R Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 14-15). Most relevant here, the ALJ determined that Masha's physical impairments "have not

resulted in an inability to ambulate effectively," which is a requirement under the listings at issue now. (R. at 14).

The ALJ next determined that the Plaintiff had the residual functional capacity to perform sedentary work, except that she cannot squat, crawl, or kneel, and must avoid hazards such as unprotected heights and dangerous machinery. (R. at 15-18). The ALJ also determined that due to pain, fatigue, mental disorders, and related symptoms, the Plaintiff is limited to jobs that do not entail more than simple instructions. *Id.*

At step four of the analysis, the ALJ determined that Masha could not perform her past work as a cashier, child care provider, or school cafeteria worker because of the levels of exertion required for each position. (R. at 18). At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity and the testimony of a vocational expert, the ALJ found that there were jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (R. at 19). Specifically, the ALJ found that the Plaintiff would be able to work as an addresser, callout operator, or charge account clerk. *Id.* Accordingly, the ALJ found that the Plaintiff was employable, was not disabled, and was not entitled to benefits. (R. at 19-20).

The Appeals Council denied Masha's subsequent request for review, making the ALJ's decision final and subject to judicial review by this Court. In support of her position, the Plaintiff argues that (1) the Commissioner's final decision that her condition does not meet the requirements of the Listing of Impairments was not supported by substantial evidence; (2) the Commissioner's decision rejecting the opinions of her two treating physicians was not supported by substantial evidence; and (3) the Commissioner's decision

regarding possible employment was not supported by a proper hypothetical question posed to the vocational expert.

In his R&R, the Magistrate Judge recommended that the ALJ's decision be affirmed, finding that (1) substantial evidence supported the Commissioner's decision that Masha did not have an impairment that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix A; (2) substantial evidence supported the Commissioner's decision not to assign controlling weight to Masha's treating physicians' opinions; and (3) the ALJ posed a proper hypothetical to the vocational expert.

Masha now objects to the Magistrate Judge's first finding, arguing that the ALJ did not properly attend to her argument that the physical problems associated with her ankle condition meet the requirements of Sections 1.02(A) and 1.03 of the Listing of Impairments.[1] She asserts that the Commissioner's analysis of her entitlement under the Listing of Impairments "supplied *no* rationale as to why Ms. Masha's conditions did not meet *or equal in severity* the requirements of § 1.02 of the Listing of Impairments." (ECF No. 12, at 1-2). She states that "[t]he only 'reason' set forth by the ALJ was a bald assertion that

---

[1] Those sections provide the following:
   1.02   *Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affect joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
   A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b . . . .
   1.03   *Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint*, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur within 12 months of onset.

4

Ms. Masha retains the ability to ambulate effectively." *Id.* at 2. Because the R&R relied on this faulty analysis, Masha argues, it cannot "analyze and weigh that evidence against the evidence which supports Ms. Masha's position." *Id.* at 3. She does not challenge any other aspect of the R&R.

## II. <u>STANDARD OF REVIEW</u>

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2011). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176.

## III. <u>ANALYSIS</u>

As noted by the Magistrate Judge, substantial evidence in the record, as summarized in the ALJ's written decision, supports the ALJ's conclusion that Masha "does not have an

5

impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 14). Specifically, the record shows that Masha does *not* have an inability to ambulate effectively as required for both of the listings under which she seeks benefits. To qualify as disabled under either of those listings, Masha would have to meet the following general definition of ineffective ambulation: "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.00B2b (2003).

As noted in the ALJ's decision, the record shows that Masha "takes care of her own personal needs, prepares meals, does light cleaning, drives, shops, and works on crafts." (R&R, ECF No. 11, at 9; R. at 14, 168-76, 189-97). There is evidence in the record that she needs a cane due to insufficient lower extremity functioning and rides in a cart when she shops. (R. at 56, 171). There is no evidence, however, that needs a walker or any other hand-held assistive device that would limit the functioning of both of her arms and, therefore, render her unable to ambulate effectively. The cane she uses does not satisfy this definition.

Having reviewed the R&R and the ALJ's decision, the Court finds that the ALJ relied on substantial evidence and applied correct legal standards in reaching its decision that the medical evidence submitted does not support a finding that the Plaintiff is not disabled as defined by the Social Security Act and applicable regulations.

### IV. **CONCLUSION**

For the reasons stated above, the Court OVERRULES the Plaintiff's objections and ADOPTS the Magistrate Judge's Report and Recommendation DENYING Masha's Motion for

Summary Judgment, GRANTING the Commissioner of Social Security's Motion for Summary Judgment, and AFFIRMING the Commissioner's decision denying benefits to Masha.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this ___21st___ day of June 2011.